**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES JOHNSON,

    Petitioner,

    v.

MELVIN E. HUNTER, Executive Director, Atascadero State Hospital, et al.,

    Respondent.

No. C 03-3233 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. The matter is submitted.

## BACKGROUND

James Johnson has filed this habeas petition to challenge a judgment rendered on August 24, 2000, finding him to be a sexually violent predator ("SVP") as defined by California Welfare and Institutions Code § 6600 et. seq. ("SVP Act"), and committing him to the custody of the Director of Mental Health for the State of California for two years.[1]

After a bench trial, the court found petitioner to be a SVP and ordered him civilly committed. The California Court of Appeal, First Appellate District, affirmed the trial court's order of civil commitment, and the California Supreme Court denied petitioner's application for review.

---

[1] This case is not moot because it is capable of repetition yet evading review. *See Hubbart v. Knapp*, 379 F.3d 773, 777 (9th Cir. 2004).

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2001), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1041 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, it falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary. *Miller-El*, 123 S. Ct. at 1041. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d

1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 123 S. Ct. at 1041; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion, in this case that of the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

As grounds for habeas relief, petitioner asserts that: (1) His due process rights were violated when the trial court did not require the prosecution to prove that he was unable to control his behavior; and (2) there was insufficient evidence on that issue to support the verdict.

**1.    The Trial Court Did Not Relieve The Prosecution of Proving That Petitioner Was Unable to Control His Behavior.**

Petitioner contends that the trial court relieved the prosecution of having to prove petitioner was unable to control his behavior. As authority in support of the claim he cites *Kansas v. Crane*, 534 U.S. 407 (2002).

States may enact statutes that provide for the "forcible civil [commitment] of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997). The Supreme Court subsequently held that *Hendricks* did not require a showing of *total* lack of control for purposes of forcible civil commitment. *Crane*, 534 U.S. at 411; *see Rose v. Mayberg*, No. 05-16881, slip op. 7915, 7922-23 (9th Cir. July 18, 2006). The Supreme Court in *Crane*

held, however, that due process does require a showing of some "lack of control," explaining that:

> [W]e did not give to the phrase "lack of control" a particularly narrow or technical meaning.  And we recognize that in cases where lack of control is at issue, "inability to control behavior" will not be demonstrable with mathematical precision.  It is enough to say that there must be *proof of serious difficultly in controlling behavior*.  And this, when viewed in light of such features of the case as the nature of the psychiatric diagnosis, and the severity of the mental abnormality itself, must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case.

*Crane*, 534 U.S. at 413.

Petitioner's claim here is ambiguous:  (1) He may be claiming that due process requires that he be shown to be totally unable to control his behavior, which was what counsel argued in the trial court, *see* ex. C (trial transcript), vol. II at 86-87;[2] or (2) he may be contending that the trial court did not require that he be proved to have had "serious difficulty" in controlling his behavior, as required by *Crane*, 534 U.S. at 413.

To the extent petitioner is arguing that the trial court relieved the prosecution of having to prove petitioner was *totally* incapable of controlling his behavior, that argument has now been rejected by the United States Supreme Court, so does not merit further discussion here.  *Crane*, 534 U.S. at 411; *Rose,* slip op. at 7922-23.

To the extent petitioner is arguing that the trial court relieved the prosecution of having to prove that he had *serious difficulty* in controlling his behavior, he is mistaken there as well.

The trial court used a pattern jury instruction, CALJIC 4.19, as a guide to the elements to be proved to find petitioner to be a SVP.  It stated:  "The Court does find that the [prosecution] has established beyond a reasonable doubt the elements necessary to establish that [petitioner] is a sexually violent predator, and those elements are contained in the jury instruction [i.e. CALJIC 4.19]. . . ."  Ex. C, Vol II at 102.  The relevant portion of

---

[2] Citations to "ex." are to the exhibits lodged with the court by respondent.

4

1  CALJIC 4.19, as recited by the court, states:  "Diagnosed mental disorder includes a
2  congenital or acquired condition affecting the emotional or volitional capacity that
3  predisposes the person to the commission of criminal sexual acts in a degree constituting
4  the person to [be] a menace and [sic] others... ."  *Id.* at 101.  This is virtually identical to the
5  jury instruction given in *Rose*.[3]

6  In *Rose* the Ninth Circuit held that the California court's conclusion that the jury
7  instruction was sufficient to comply with the *Crane* "serious difficulty" requirement was not
8  unreasonable.  Slip op. at 7925.  That is, the instruction's requirement of a mental disease
9  or defect that "affect[s] the emotional or volitional capacity" such that the person is a
10 "menace" adequately covers the *Crane* requirement that a person committed under an SVP
11 act be shown to have "serious difficulty in controlling behavior."  *See Rose*, slip op. at 7925.[4]
12 Therefore, if petitioner's claim is that the state courts were unreasonable in concluding that
13 the trial court complied with *Crane*, he is incorrect.

14 The state courts' conclusion here that there was no due process violation as to the
15 "inability to control behavior" element was not contrary to, or an unreasonable application of,
16 clearly established United States Supreme Court authority.

17 **2.     There was Sufficient Evidence Supporting the Trial Court's Judgment**
18 **Designating Petitioner as a SVP.**

19 Petitioner argues that there was insufficient evidence at trial to support the judgment
20 designating him as a SVP.  It is unclear what standard should be used to determine whether

---

[3] The *Rose* instruction required that the jury find that "Rose suffered from a 'diagnosed mental disorder,' which 'affect[ed] the emotional or volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others.'"  Slip op. at 7925.

[4] The trial court did state, "[CALJIC 4.19 does not say to the Court that the [prosecution] has to prove that the disorder results in the [petitioner] not having the volitional capacity to prevent his conduct." Ex. C, Vol II at 102.  Petitioner reads this to mean that the court did not require any difficulty of any sort in controlling conduct.  The state court of appeal was correct, however, in concluding that read in context, the trial court was merely rejecting the defense contention that the prosecution had to prove petitioner was *totally* incapable of controlling his behavior, which of course was a correct ruling under *Crane*.

5

there was enough evidence to support petitioner's commitment as a SVP.

If petitioner had been convicted of a crime, the standard for his constitutional challenge to the sufficiency of evidence would be that set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). That inquiry asks "whether, after reviewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. If the historical facts support conflicting inferences, the court "must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution. *Id.* at 326.

The state standard of review for sufficiency of evidence in SVP cases is the same as that in criminal cases. *People v. Mercer*, 70 Cal.App. 4th 463, 465-66 (1999). However, federal courts have not considered whether the federal constitutional standard in SVP cases is the same as in criminal cases, although some have applied the *Jackson* standard without explanation. *See, e.g., Burgess v. Watters*, 2005 WL 106780 at *16 (W.D. Wis. Jan. 19, 2005). Given that the *Jackson* standard is sufficient to support criminal convictions, which usually involve more severe conditions of confinement and much longer periods of confinement than the SVP two years, the court concludes that *Jackson* represents the most demanding standard that might apply; that is, if a standard different than *Jackson* is later found to be suitable, that standard is likely to be more lenient than *Jackson* and easier for the state to satisfy. As a result, if there is sufficient evidence to support the commitment under the *Jackson* standard, there is no due process violation.

The record shows that two experts in the area of SVPs testified at trial. Dr. Kathleen Longwell testified that petitioner suffered from three mental disorders: (1) paraphilia not otherwise specified; (2) cocaine abuse in institution remission; and (3) antisocial personality disorder. Ex. K (opinion of court of appeal) at 1. Dr. Longwell opined that petitioner's disorders made him likely to re-offend, specifically stating that petitioner was at "high risk to commit another sexually violent and predatory offense against someone." *Id.*

1    Dr. Wesley Maram testified that petitioner suffered from the same three mental
2 disorders as identified by Dr. Longwell. *Id.* at 1-2. Using the Rapid Risk Assessment for
3 Sexually Violent Predator Recidivism which resulted in a 49.8 percent risk of re-offending,
4 and the newer Static 99 – a test for sexual recidivism – which resulted in a medium high
5 score of five, combined with consideration of other variables, Dr. Maram opined that
6 petitioner is a "sexually violent predator," as defined by § 6600(a)(1) of the SVP Act. *Id.*

7    Given the testimony from Dr. Longwell and Dr. Maram, the trial court's commitment of
8 petitioner as a sexually violent predator was not contrary to, or an unreasonable application
9 of, clearly established Supreme Court authority.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 8, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.03\JOHNSON,J233.RUL